IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CELIA CONTRERAS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2294 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before the court is plaintiff's motion for summary judgment. Dkt. 5. Having considered the motion, response, reply, and applicable law, the court determines that the motion should be DENIED.

## I. BACKGROUND

In this action, plaintiff Celia Contreras seeks to quiet title and obtain a declaration that defendant U.S. Bank's lien on her homestead is void and that defendant's attempted foreclosure is barred by the applicable statute of limitations. On or about September 17, 2004, plaintiff obtained a home equity loan evidenced by a promissory note (the "Note") and secured by a deed of trust ("Deed of Trust") on her home located at 618 Del Norte Street in Houston (the "Property"). Dkts. 5-1 and 5-2. Through multiple assignments and successions, defendant U.S. Bank is the current mortgage holder. Dkt. 5. Plaintiff has not made a mortgage payment since June 2009. Dkt. 5-5.

On May 13, 2010, after nearly a year of missed payments, the noteholder sent Contreras a notice of acceleration. Dkt. 5-4. Plaintiff remained in default, and on May 15, 2013, the noteholder sent Contreras a rescission of acceleration rescinding all prior notices of acceleration and restoring

the note to its original terms. Dkt. 11-1 at 3. On July 7, 2014, defendant filed a Notice of Substitute Trustee Sale. Dkt. 5-3 at 1. Plaintiff filed this action in order to stop the foreclosure proceeding and alleges that defendant is barred from foreclosing on the note by the applicable statute of limitations. Dkt. 1-1 at 10.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence

and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

Plaintiff seeks a declaration that U.S. Bank's lien on her home is void because it failed to foreclose on the Property withing four years of accelerating the Note. Under Texas law, "[a] person

must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). After four years, "the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035(d). "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated." *Khan v. GBAK Props., Inc.*, 371 S.W.2d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Burney v. Citigroup Global Mkts. Realty Corp.*, 244 S.W.3d 900, 903 (Tex. App.—Dallas 2008, no pet.)). "While accrual is a legal question, whether a holder has accelerated a note is a fact question." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001).

Abandoning acceleration prior to the expiration of the limitations period restores the note to its original terms, and upon abandonment, the noteholder is no longer required to foreclose within the four-year period. *Kahn*, 371 S.W.3d at 353; *see also Leonard v. Ocwen Loan Servicing, LLC*, 2014 WL 4161769, at *4 (S.D. Tex. Aug. 19, 2014); *Clawson v. GMAC Mortg., LLC*, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). "[T]he parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." *Kahn*, 371 S.W.3d at 356. Although joint action of the parties can abandon acceleration, it is not required. *See Leonard*, 2014 WL 4161769, at *4; *Clawson*, 2013 WL 1948128, at *4; *DTND Sierra Invs. LLC v. Bank of New York Mellon Trust Co., N.A.*, 958 F. Supp. 2d 738, 749-50 (W.D. Tex. 2013); *Holy Cross*, 44 S.W.3d at 566-67. The noteholder can abandon the acceleration unilaterally without the borrower's agreement. *Id.*[1]

---

[1]Plaintiff cites *San Antonio Real Estate Bldg. & Loan Ass'n v. Stewart*, 94 S.W. 386 (Tex. 1901) for the proposition that abandoning the acceleration requires joint agreement between the parties. While *Stewart* states that "neither party by his separate action or nonaction [can] impair the

Defendant originally accelerated the Note on May 13, 2010. Dkt. 5-4. Absent a rescission, defendant would have had until May 13, 2014 to foreclose on the Note. Plaintiff's motion states that defendant never rescinded the acceleration. Dkt. 5 at 4. However, defendant has submitted the rescission of acceleration sent to plaintiff on May 15, 2013. Dkt. 11-1. Defendant has also submitted tracking information showing that plaintiff received the rescission by certified mail on May 18, 2013, and plaintiff has not denied receiving the notice. *Id.* at 7. The rescission is clearly titled "RESCISSION OF ACCELERATION" and states that defendant "hereby rescinds the notice of acceleration dated March 4, 2011[2] and all prior notices of acceleration. Mortgagee further agrees that Borrower may continue to pay the indebtedness due Mortgagee pursuant to the terms of the debt secured by the Texas Home Equity Security Instrument references." *Id.* at 3.

Plaintiff argues that defendant cannot rely on the May 2013 rescission because a November 2013 foreclosure application references a September 11, 2012 notice of intent to foreclose.[3] According to plaintiff, defendant's reliance in its application for foreclosure on an acceleration that occurred prior to the rescission indicates that defendant "placed no weight on their [sic.] supposed rescission." Dkt. 18 at 2. According to its foreclosure application, defendant attached the September

---

rights of the other," several courts have found its holding inapplicable to the facts presented in this case. *Leonard*, 2014 WL 4161769, at n.4 (citing *Clawson*, 2013 WL 1948128, at *4). This court agrees that "*Stewart* was premised on the situation in which the failure to pay an installment *ipso facto* gives rise to the cause of action upon the whole debt; the opinion explicitly distinguishes situations, like the present, in which the contract is regarded as only giving to the creditor the right of election." *Clawson*, 2013 WL 1948128, at *4. There is no evidence or argument that plaintiff's Note is similar in that respect to the note in *Stewart*.

[2]Neither party has provided the court with a March 4, 2011 notice of acceleration. However, the language of the rescission refers to "all prior notices of acceleration," which would include the May 2010 notice submitted by plaintiff.

[3]The November 2013 foreclosure application is not the application being challenged by plaintiff. Plaintiff's reference to it is apparently offered solely as evidence of defendant's intention regarding the rescission.

2012 notice of intent to foreclose to show that it had given plaintiff notice of default as required by Texas Property Code § 51.002(d). Dkt. 11-2 at 2. While the September 2012 notice informs plaintiff of her default under the terms of the Note and states that the noteholder intends to accelerate the loan, it does not actually purport to accelerate the loan. The September 2012 notice and defendant's reliance on it in a later filing are not inconsistent with its argument regarding rescission.

Plaintiff also argues that the language of the Deed of Trust does not allow unilateral rescission. The Deed of Trust allows the borrower to reinstate the original terms of the loan after acceleration by meeting certain conditions. *See* Dkt. 5-2 at 13. Plaintiff argues that these conditions, which include paying "all sums which then would be due under this Security Instrument and Note as if no acceleration had occurred," are the only ways in which acceleration can be abandoned. There is no language in the Note or Deed of Trust that supports this argument. The conditions for reinstatement allowed to the borrower are sufficient to reinstate the loan, but they are not necessary for reinstatement. Rescission of acceleration and reinstatement of the loan to its original terms can also be accomplished through the noteholder's actions as outlined above.

Plaintiff has not shown that defendant's notice of rescission, received by plaintiff within four years of the acceleration, was insufficient to reinstate the loan and stop the running of the limitations period. Accordingly, plaintiff has not shown that she is entitled to a declaration that defendant's lien is void for failure to foreclose with the four-year limitations period.

## IV. CONCLUSION

Because plaintiff has not demonstrated that she is entitled to judgment as a matter of law, her motion for summary judgment (Dkt. 5) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on February 2, 2015.

_____
Gray H. Miller
United States District Judge

\